[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12870
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cv-04253-SDG

WILLIAMS, SCOTT & ASSOCIATES LLC,

Plaintiff,

JOHN T. WILLIAMS,

Plaintiff-Appellant,

versus

SALLY YATES,
(USAG), et al.,
JONATHAN NUECHTERLEIN,
(FTC), et al.,
VALERIE VERDUSE,
(FTC), et al.,
EDITH RAMERIZ,
(FTC), et al.,
NATHAN PARKER KITCHENS,
(AUSA), et al., et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 30, 2021)

Before LAGOA, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

John Williams, proceeding *pro se*, appeals the dismissal of his amended complaint raising claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). On appeal, he asserts that he pleaded plausible facts to show that there was a conspiracy among federal judges, agents, and lawyers to alter or falsify documents, including warrants, to seize $25,000 from his company's bank account and unlawfully imprison him.

We review a district court's dismissal of a complaint that was filed *in forma pauperis* (IFP) as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) for an abuse of discretion. *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). Section 1915(e) of the Prison Litigation Reform Act provides that any IFP action shall be dismissed "at any time if," in relevant part, it "is frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). We hold "the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). However, "this leniency does not give

2

[us] license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Id*. at 1168-69 (quotations omitted). Further, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

As an initial matter, Williams fails to address the district court's dispositive finding that his amended complaint was a shotgun pleading. Accordingly, we affirm the district court's dismissal on this basis. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 682-83 (11th Cir. 2014) (explaining we can affirm on the ground that the appellant has abandoned any arguments regarding the district court's dispositive holdings, even if the district court's holdings are in the alternative).

In any event, the district court did not abuse its discretion in dismissing the amended complaint as frivolous. Williams's naked assertions of a conspiracy involving more than a dozen federal agents, judges, and lawyers, without any sufficient supporting factual allegations to allege a plausible claim, is the type of fanciful complaint the frivolity screening seeks to reject. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (stating a claim is factually frivolous "only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional" (citations and quotations omitted)); *see also Phillips v. Mashburn*, 746 F.2d 782, 783, 785 (11th Cir. 1984) (upholding the

district court's dismissal without prejudice of an IFP 42 U.S.C. § 1983 complaint

as frivolous when it presented merely a "naked assertion of a conspiracy between a

state judge and private defendants without supporting operative facts").  The

district court did not abuse its discretion in dismissing the amended complaint as

frivolous because its factual contentions were pure conjecture and baseless, as

Williams failed to support his numerous accusations of falsified court documents

and records, forged signatures, and untimely account freezes with any factual

allegations other than conclusory and dubious statements.  *See Bilal v. Driver*, 251

F.3d 1346, 1349 (11th Cir. 2001) (stating § 1915 "accords judges not only the

authority to dismiss a claim based on an indisputably meritless legal theory, but

also the unusual power to pierce the veil of the complaint's factual allegations and

dismiss those claims whose factual contentions are clearly baseless" (quotations

omitted)); *Napier*, 314 F.3d at 531 (explaining a claim is frivolous if it is without

arguable merit in either fact or law).

**AFFIRMED**.